IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  08-cv-01573-WYD

NATHAN LEON STEPHENS,

    Applicant,

v.

J. M. WILNER, Warden FCI, Florence,

    Respondent.

## ORDER OF DISMISSAL

Applicant Nathan Leon Stephens is a prisoner in the custody of the United States Bureau of Prisons (BOP), who currently is incarcerated at FCI Florence.  Mr. Stephens initiated this action by filing a **pro se** Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  On August 26, 2008, Magistrate Judge Boyd N. Boland entered an order directing Respondent to file a Preliminary Response and to address the affirmative defense of exhaustion of administrative remedies.  Respondent was instructed that if he did not intend to raise this affirmative defense to notify the Court of that decision in the Preliminary Response.

On September 15, 2008, Respondent filed a Preliminary Response in which he stated that he does not intend to raise the affirmative defense of exhaustion of administrative remedies.  Magistrate Judge Boland, therefore, ordered the action drawn to a district judge and to a magistrate judge, and the case was randomly assigned to me.  Upon review of the action, and finding good cause, I directed Respondent to

answer and show cause why the Application should not be granted.  On November 25, 2008, Respondent filed a Response.  Mr. Stephens failed to reply to the Response.

I must construe Mr. Stephens' Application liberally because he is not represented by an attorney.  *See* Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, I should not act as an advocate for a **pro se** litigant.  *See* Hall, 935 F.2d at 1110.  For the reasons stated below, the Application will be denied, and the action will be dismissed.

Mr. Stephens asserts that he pled guilty to one count of a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) and was sentenced in the United States District Court for the Western District of Texas (Western District of Texas), on January 27, 2004.  (Application at 5.)[1]  He further asserts that subsequent to pleading guilty the U.S. Marshal Service transported him to the "State Holding Facility" so that he may resolve state charges "stemming from the same course of criminal conduct." (Application at 6-7.)  Mr. Stephens also asserts that the state matters were resolved on August 28, 2006, and the U.S. Marshal Service picked him up, on August 28, 2006, so that he could start his 105-month federal sentence.  (Application at 7.)  Mr. Stephens contends that the BOP should have commenced his federal prison sentence on January 27, 2004, and his federal sentence should be credited with the 943 days of detention credits that he has earned, but the BOP refuses to apply the 943 days based on 18 U.S.C. § 3585(b).  (Application at 7.)

---

[1] Page numbers referred to in citations to documents filed in this case are the page numbers identified by the Court's Electronic Court Filing system.

Mr. Stephens concludes that based on United States Sentencing Guidelines (USSG) § 5G1.3(b)(1), I am authorized to reduce his sentence by 943 days to "reflect a new prison term in effect of seventy-three months and twenty-eight days." (Application at 8.)

Calculation of a federal prison sentence is governed by 18 U.S.C. § 3585. The Attorney General, through the BOP, is responsible for making the sentence calculation contemplated by § 3585. *See United States v. Wilson*, 503 U.S. 329, 334 (1992). The Attorney General's decision may be reviewed in a habeas corpus action pursuant to 28 U.S.C. § 2241. Section 3585 provides as follows:

> **(a) Commencement of sentence.**--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> **(b) Credit for prior custody.**--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
>> (1)  as a result of the offense for which the sentence was imposed; or
>>
>> (2)  as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

Mr. Stephens' reliance on USSG § 5G1.3(b)(1) is without merit. If indeed the federal sentencing court intended to reduce Mr. Stephens' sentence for a period of time that would not be credited to the BOP sentence the sentencing court is directed to note

such adjustment on the judgment in the criminal case order.  See USSG § 5G1.3, Application Notes, (C) Imposition of Sentence.  Upon review of the judgment in Mr. Stephens' criminal case at issue, I find the sentencing court did not indicate that Mr. Stephens' sentence would be reduced based on an adjustment for a period of time that would not be credited to the BOP sentence.

Furthermore, attached to the Response is a "Sentence Computation Summary for Habeas Petition," prepared by a Correctional Programs Specialist at the BOP Designation and Sentence Computation Center.  (Resp. at Ex. H.)  In the Summary, the author states that as part of a review conducted in accordance with the five factors outlined in 18 U.S.C. § 3621(b), the sentencing court was solicited regarding the court's position on "concurrent designation."  (Resp., Ex. H at 3.)  In response to the solicitation, the sentencing court stated that it was not the court's intent to run any portion of Mr. Stephens' federal sentence concurrently with his state term.

I, therefore, find that Mr. Stephens' claims lack merit.  The action will be dismissed with prejudice on the merits.  Accordingly, it is

ORDERED that the Application is **DENIED** and the action is **DISMISSED WITH PREJUDICE**.  It is

FURTHER ORDERED that each party shall bear his own costs and attorney's fees.

DATED at Denver, Colorado, this 1st day of September, 2009.

BY THE COURT:

s/ Wiley Y. Daniel
WILEY Y. DANIEL, Chief Judge
United States District Court